HEARD NOVEMBER TERM, 1875.

SAMUEL McGEE *et al. vs.* THE PIEDMONT MANUFACTURING COM-
PANY.

A petition under the statute to enforce payment of a mechanic's lien is subject to the
liberal rules of amendment prescribed by the Code of Procedure.

BEFORE COOKE, J., AT GREENVILLE, MARCH TERM, 1875.

This was a petition by Samuel McGee and a number of other
laborers against the Piedmont Manufacturing Company to enforce
payment of a mechanic's lien.

The petition alleged that the petitioners, within ninety days after
the termination of the contract under which their labor was per-
formed, filed a notice of their lien as required by the statute; the
petition also referred to a schedule annexed thereto in which the
respective claims of the petitioners were stated.

The case for this Court stated that after the petition and the
reply thereto had been read the respondent's counsel then made a
motion to dismiss the petition upon the ground that the same did
not state facts sufficient to constitute a cause of action against the
company under the mechanic's lien law, and that the petitioners
had not, within the time limited by law, filed in the office of the
Clerk of the Court of Common Pleas for Greenville County a
statement of a just and true account of the amounts due them, with
all just credits given. After argument of counsel, the petition was
dismissed as set forth in the order therefor.

The petitioners, by their counsel, made a motion to amend the
petition, which motion the Court did not refuse, but stated that an
amendment could avail nothing, as there was a fatal defect in the
account which had been filed in the Clerk's office, and that could
not be amended, as more than ninety days had expired since the
filing of the same.

The petitioners appealed on the following grounds:

First. Because His Honor erred in holding that the petition did
not state facts sufficient to constitute a cause of action under the
law giving mechanic's lien against the owner of the property by
laborers employed by the contractor.

Second. Because His Honor erred in declining to allow the peti-
tioners to amend their pleadings at the hearing of the cause.

Third. Because His Honor erred in deciding what would be the effect of any amendments which the petitioners might make to their pleadings before the same had been made and argument had thereon.

Fourth. Because His Honor erred in deciding that the petitioners did not file in the office of the Clerk of the Court of Common Pleas, within the time prescribed by law, such a just and true account of the amounts due them respectively, with all just credits given, as required by law, to entitle them to set up a mechanic's lien as to the company, with whom they had not contracted, because:

1. The notice of lien or statement, required by law to be filed in the Clerk's office, by the petitioners was not before the Court, and the Court had no right to know its contents without it being in evidence.

2. There was no evidence as to whether there were credits due the respondent.

3. Even had there been evidence as to credits, it was a question of fact, and should have been submitted to the jury sworn to try the cause.

Fifth. Because His Honer erred in deciding that there must be a privity of contract between the laborer and the owner of the property, in order to give the laborer a lien.

Sixth. Because the decision is contrary to law.

*Bryan, Whitner & Symmes,* for appellants.

*Earle & Wells, McGowan & Donaldson,* contra.

April 5, 1876.    The opinion of the Court was delivered by

WILLARD, A. J.    The Circuit Judge was clearly in error in refusing to allow an amendment of the petition. Statute proceedings are not an exception to the liberal rules established by the Code in regard to the amendment of proceedings.    While rights created by the statute can only be established by showing compliance with all the conditions requisite to their existence, yet parties pursuing remedies for the enforcement of such rights should be treated with the same liberality that is accorded to those prosecuting rights resting on a different foundation.    The statute itself

places the proceeding on the same footing as ordinary actions in this respect.—Gen. Stat., p. 551, § 18.

The allowance of amendments to pleadings in actions is not a matter of discretion under the Code. It is the duty of the Courts to allow parties to perfect their pleadings when affected by unintentional error; and, that the opposite parties may not be prejudicially affected by the allowance of such amendments, the Courts may impose reasonable terms as the condition of amendment.

It would appear, however, in the present case, that the amendment was refused upon the ground that it would be ineffectual, the Court having concluded that there was a fatal defect in the notice of lien filed by the claimants.

The conclusion in this respect was "that the petitioners had not within the time limited by law filed in the office of the Clerk of the Court of Common Pleas for Greenville County a statement of a just and true account of the amounts due them, with all just credits." The objection appears to have been made upon the petition and return. If the petitioners had been allowed to amend their petition so as to aver the filing of their claim in thirty days instead of ninety, no ground would have appeared on the face of the petition and return for dismissing the petition.

It is not clear how the Court could have decided, as matter of law, that the account filed was not true or just, if there was an intention so to decide. It would seem that the verdict alone could ascertain such fact, under proper instructions from the Court.

Inaccuracies of statements, relating to the amounts due, could not, according to the express provisions of the statute, (General Statutes, p. 551, § 12,) vitiate the proceedings, "unless it appears that the person filing the certificate had willfully and knowingly claimed more than his due."

The existence of such a fact should be ascertained by the jury under proper instructions.

An objection to the certificate was made upon the argument, on the ground that it was not properly verified, but no such ground of objection appears in the order or decision of the Circuit Court, and we cannot assume that the Circuit Judge has reached any such conclusion. The order dismissing the petition must be set aside and the cause remanded, with liberty to the petitioners to amend their

petition within such reasonable . time as the Circuit Court shall direct.

*Moses*, C. J., and *Wright*, A. J., concurred.